UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NO.:                                                                                          DIVISION "   "

JOHN SMITH AND BEVERLY SMITH individually and on behalf of UNITY ONE BEAUTY SUPPLY AND HAIR SALON

VERSUS

CITY OF NEW ORLEANS; LATOYA CANTRELL, in her official capacity as Mayor of the City of New Orleans; SHAUN FERGUSON, in his official capacity, as Superintendent of New Orleans Police Department; NEW ORLEANS POLICE DEPARTMENT; ALEX MIKKELSEN, individually and in his former official capacity as an officer/deputy for the New Orleans Police Department; JOHNATHAN BROOM, individually and in his former official capacity as an officer/deputy for the New Orleans Police Department; JEFFERY HERRINGTON, individually and in his former official capacity as an officer/deputy for the New Orleans Police Department; ALEX FLORIAN, individually and in his former official capacity as an officer/deputy for the New Orleans Police Department; COLBY STEWART, individually and in his official capacity as an officer/deputy for the New Orleans Police Department; WILLIAM HERY, individually and in his official capacity as an officer/deputy for the New Orleans Police Department; and XYZ INSURANCE COMPANY

FILED:_____                    _____
                                                                                     DEPUTY CLERK

************************************************************************
COMPLAINT
************************************************************************

PRELIMINARY STATEMENT

1.

This is a civil right action in which the Plaintiffs, **JOHN SMITH** AND **BEVERLY SMITH**, et al (hereinafter "Plaintiff(s) seek relief for the defendants violation of their rights secured by the Civil Rights Act of 1866, and 1871, 42 U.S.C. Section 1983; the rights secured by the Fourth(4th) Amendment by the Equal Protection and Due Process Clause

of the Fourteenth(14th) Amendment to the United States Constitution, and for rights secured under the laws and Constitution of the State of Louisiana.

2.

Plaintiffs, JOHN SMITH and BEVERLY SMITH assert this claim individually for damages they personally sustained and in the capacity of Owner/Operator of Unity One Hair Salon.  Plaintiffs seek damages, compensatory and punitive, affirmative and equitable relief, an award of cost and attorney's fees and such other further relief as this Court deems equitable and just.

## JURISDICTION

3.

Jurisdiction is conferred upon this Court by 28 U.S.C. Section 1331, 1342 (3) and (4) by this action being an action seeking relief for the violation of the Plaintiffs constitutional and civil rights.  The amount of damages in controversy is in excess of $75,000.00, exclusive of interest and cost.

4.

Plaintiffs invokes this Court's pendent jurisdiction over any and all state law claims and causes of action, which derived from the same nucleus of operative facts that give rise to the federally based claim and causes of action.

5.

Plaintiffs demand a trial by jury on each and every one of their claims as pled herein.

## VENUE

6.

Venue is proper for the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. Section 1391 9(a), (b) and (c) as the transactional events constituting the alleged tortuous behavior arose and occurred within the Parish of Orleans.

## PARTIES

7.

**NOW INTO COURT,** through undersigned counsel, comes petitioners, JOHN SMITH AND BEVERLY SMITH, individually and on behalf of UNITY ONE SALON, persons of full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who respectfully represents that:

8.

Made Defendants herein are:

a. **CITY OF NEW ORLEANS**, a legal entity domiciled in the Parish of Orleans State of Louisiana, who can be personally served with process through Mayor LaToya Cantrell, 1300 Perdido Street New Orleans, Louisiana 70112

b. **LATOYA CANTRELL, in her official capacity as Mayor of the City of New Orleans;**

c. **SHAUN FERGUSON,** in his official capacity, as Superintendent of New Orleans Police Department, a person of the full age of majority and a resident and domiciled in Orleans Parish, State of Louisiana, and all material times herein acting in his capacity as Superintendent in the scope of his employment with the New Orleans Police Department;

d. **NEW ORLEANS POLICE DEPARTMENT** a political subdivision of the City of New Orleans, State of Louisiana, authorized to do and doing business in the State of Louisiana;

e. **ALEX MIKKELSEN**, individually and in his former official capacity as an officer/deputy for the New Orleans Police Department, a person of the full age of majority and a resident of the State of Louisiana

f. **JOHNATHAN BROOM,** individually and in his former official capacity as an officer/deputy for the New Orleans Police Department, a person of the full age of majority and a resident of the State of Louisiana

g. **JEFFERY HERRINGTON**, individually and in his former official capacity as an officer/deputy for the New Orleans Police Department, a person of the full age of majority and a resident of the State of Louisiana

h. **ALEX FLORIAN**, individually and in his former official capacity as an officer/deputy for the New Orleans Police Department, a person of the full age of majority and a resident of the State of Louisiana

i. **COLBY STEWART**, individually and in his official capacity as an officer/deputy for the New Orleans Police Department, a person of the full age of majority and a resident of the State of Louisiana

j. **WILLIAM HERY,** individually and in his official capacity as an officer/deputy for the New Orleans Police Department, a person of the full age of majority and a resident of the State of Louisiana**; and**

k. **XYZ INSURANCE COMPANY,** a foreign insurance company authorized to do and doing business in the State of Louisiana and at all material times herewith the liability insurance carrier of Defendants, **SHAUN FERGUSON, in his official capacity as superintendent of New Orleans Police Department, NEW ORLEANS POLICE DEPARTMENT, ALEX MIKKELSEN, JOHNATHAN BROOM, JEFFERY HERRINGTON, ALEX FLORIAN, COLBY STEWART and WILLIAM HERY**, plaintiffs will be amending the complaint to reflect the proper party defendant insurance carrier as discovery progresses.

9.

At all times relevant herein, all law enforcement officials were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of their employer names herein, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of their employer, New Orleans Police Department at all times relevant herein with the power and authority vested in them as officers, deputies, agents and employees of their employer and incidental to the lawful pursuit of their duties as officers, deputies, employees and agents of their employer.

10.

Accordingly, the City of New Orleans, through its Mayor Latoya Cantrell, New Orleans Police Department and Shaun Ferguson are liable to Plaintiffs for punitive damages because their express policies and widespread and well-settled policies, including failures of supervision, monitoring, and oversight were ubiquitous throughout the department and operated with the force of law to deprive Plaintiffs of their rights as the illegal and unconstitutional actions of the Defendants were condoned by supervisory officers and officials of the New Orleans Police Department and the City of New Orleans.

11.

On or about March 20, 2019, the defendant officers with and for the New Orleans Police Department, **ALEX MIKKELSEN, JOHNATHAN BROOM, JEFFERY HERRINGTON, ALEX FLORIAN, COLBY STEWART** and **WILLIAM HERY**, while

patrolling the City of New Orleans attempted to engage a vehicle suspected to be stolen in a routine traffic stop. The vehicle being operated by minor children did not adhere to a traffic stop and continued to drive; wherein the officers negligently and in direct violation of the policy and procedures of its department and the law, gave pursuant resulting in a highspeed chase through city of New Orleans Broadmoor/Washington Avenue area.

12.

On the same date and time stated above, Plaintiffs, John and Beverly Smith were operating and/or causing to have operated their beauty supply and hair salon, UNITY-1, at 4125 Washington Avenue, New Orleans, Louisiana; said business, a staple of the community was in full operation consisting of numerous employees and clients receiving services and purchasing supplies; with owner, plaintiff Beverly Smith having just retired for the evening.

13.

Plaintiffs avers that based upon information and belief known to them, when the above referenced suspected stolen vehicle failed to adhere to the requested traffic stop, the above names police officers with the New Orleans Police Department negligently ignored its policy, procedure and the law, pursued the vehicle and gave chase at extreme high rates of speeds, through the city of New Orleans Broadmoor/Washington Avenue area, for over a mile until said chase resulted in the car's driver losing control going air

borne and crashing into plaintiffs occupied business at 4125 Washington Avenue, New Orleans, Louisiana; and the building bursting into flames trapping the occupants therein.

14.

Plaintiffs show that based upon information and belief known to them, the New Orleans Police Department officers intentionally, willfully and with full knowledge of their illegal actions, ignored the departments chase policy, turned off their patrol cars' video cameras, and acted in a foreseeable unreasonably dangerous, negligent and callous manner that resulted not only in the deaths of the occupants in the vehicle being chased, but also the death of a client patron of the UNITY-1 Beauty Supply and Salon, injuries to various patron therein, injuries to Plaintiffs'; as well as, the complete destruction by fire of Plaintiffs' business, income and life's work.

15.

All of the Defendants are indebted jointly, severally and *in solido* unto plaintiffs for their loss, injuries and damages sustained.

16.

At all times material herein, the defendant, XYZ Insurance Company, whose identity is not yet known to plaintiffs, had issued an insurance policy to the defendants, **CITY OF NEW ORLEANS; LATOYA CANTRELL, in her official capacity as Mayor of the City of New Orleans; SHAUN FERGUSON, in his official capacity, as Superintendent of New Orleans Police Department; NEW ORLEANS POLICE DEPARTMENT; ALEX MIKKELSEN, individually and in his former official capacity**

**as an officer/deputy for the New Orleans Police Department; JOHNATHAN BROOM, individually and in his former official capacity as an officer/deputy for the New Orleans Police Department; JEFFERY HERRINGTON, individually and in his former official capacity as an officer/deputy for the New Orleans Police Department; ALEX FLORIAN, individually and in his former official capacity as an officer/deputy for the New Orleans Police Department; COLBY STEWART, individually and in his official capacity as an officer/deputy for the New Orleans Police Department; WILLIAM HERY, individually and in his official capacity as a officer/deputy for the New Orleans Police Department,** which was in full force and effect at the time of this incident made subject of this litigation.

17.

Plaintiff show that the actions of officers/defendants, **ALEX MIKKELSEN, JOHNATHAN BROOM, JEFFERY HERRINGTON, ALEX FLORIAN, COLBY STEWART,** and **WILLIAM HERY,** were unreasonable, unnecessary, an excessive use of force, negligent, an exercise of bad judgment, a violation of protocol and procedure, and a violation of Plaintiffs 4th Amendment and 14th Amendment rights under the Constitution of the United States and certain rights under the Louisiana Constitution; accordingly, Plaintiffs now asserts claims against all defendants pursuant to La. C.C. Art. 2315, 2315.1, 2315.2, 2316, 2317, and 2320. Additionally, Plaintiffs asserts claims under the United States Constitution 4th and 14th Amendments, Louisiana Constitution Article 1 § 2 and 5, and also 42 USC § 1983.

18.

At all pertinent times material herein, defendant, SHAUN FERGUSN was Superintendent of the New Orleans Police Department and defendants, **ALEX MIKKELSEN, JOHNATHAN BROOM, JEFFERY HERRINGTON, ALEX FLORIAN, COLBY STEWART,** and **WILLIAM HERY**, were employed as full-time officer, deputies, or detectives for the New Orleans Police Department. Accordingly, as superintendent, and the responsible decision and policy maker for the NOPD, defendants FERGUSON and NOPD are liable for the actions, omissions, and/or in actions of its employees; thus, defendants FERGUSON and NOPD are vicariously liable for its employees.

19.

At all pertinent times material herein, defendant, **LATOYA CANTRELL** in her official capacity as Mayor of the City of Orleans and the CITY OF NEW ORLEANS are the supreme supervisor of defendants, **SHAUN FERGUSON, NEW ORLEANS POLICE DEPARTMENT**, **ALEX MIKKELSEN, JOHNATHAN BROOM, JEFFERY HERRINGTON, ALEX FLORIAN, COLBY STEWART,** and **WILLIAM HERY;** accordingly, the Mayor in her official capacity as mayor along with the City of New Orleans, these defendants are likewise liable for the actions, omissions, and/or in actions of its employees; thus, defendants **LATOYA CANTRELL** in her official capacity as Mayor of the City of Orleans and the CITY OF NEW ORLEANS are vicariously liable for its employees.

20.

Plaintiffs alleged that defendants FERGUSON and NOPD did not properly examine and scrutinize the backgrounds of the defendant officers and/or failed to ensure that these officers/deputies/ were properly trained and skilled and understood the policies and procedures of the NOPD.

21.

Plaintiffs avers that the loss, injuries damages and deaths sustained by them and others in their place of business was caused by the reckless, inadequate and total disregard of the policy and procedures of the NOPD and laws of this state, and the apparent failure to adopt, promulgate and/or enforce such policies amounts to the deliberate indifference to the Constitutional Rights of Plaintiffs.

22.

Plaintiffs further avers that defendants FERGUSON and NOPD knowingly failed to properly train and supervise the defendant officers, and continued to allow them to operate without the proper training regarding the "chase police" of the department with full knowledge that said policy was being disregarded and/or abandoned in favor of giving chase, and other policies and procedures.

23.

Plaintiffs avers that the defendant officer's actions and misconduct were a product of the environment and undertaken pursuant to one or more de facto policies, practices and/or customs of the NOPD and that defendants FERGUSON, NOPD, and CANTRELL

and CITY OF NEW ORLEANS, are liable for the following wrongful acts and/or omissions, including but not limited to:

   a. Failing to properly hire, supervise and train the officers, deputies; of the NOPD;

   b. Failing to properly train and supervise on approaching and/or apprehending of stolen vehicle and use of force, and de-escalation techniques;

   c. Refusing to supervise, reprimand, discipline, transfer, monitor, council and/or otherwise control its officers, deputies, and/or detectives who engage in misconduct contrary to the laws, rules, regulations, and internal policies and procedures;

   d. Failing to retrain and/or otherwise control its officers, deputies and/or detectives who engage in department violations;

   e. Tacitly approving of law enforcement officer's violation of laws, policy and procedures of the NOPD and State. Resulting in the loss of rights and/or interference of the right of other citizen's rights; and

   f. Allowing a policy, practice, and custom which results in common use and/or abuse of law, policy and procedure.

24.

Petitioner avers that defendants, **ALEX MIKKELSEN, JOHNATHAN BROOM, JEFFERY HERRINGTON, ALEX FLORIAN, COLBY STEWART,** and **WILLIAM HERY**, were acting under color of state law as Peace officers, agents, and employees of defendants NOPD, and under supervision of FERGUSON, and were in the course and scope of their employment when incident complained of herein occurred.

25.

Defendants, **ALEX MIKKELSEN, JOHNATHAN BROOM, JEFFERY HERRINGTON, ALEX FLORIAN, COLBY STEWART,** and **WILLIAM HERY**, knew or should have known that their conduct could or would have cause the resulting loss, injuries and damages sustained by Plaintiffs, JOHN and BEVERLY SMITH, et al

26.

Plaintiffs further avers that all the defendants are liable for violation of Article I Section 5 of the Louisiana State Constitution, which establishes the rights of Louisiana citizens to be secure in their persons, property, and communications, houses, papers, effects.

27.

Plaintiffs further avers that at no time pertinent hereto when defendants, **ALEX MIKKELSEN, JOHNATHAN BROOM, JEFFERY HERRINGTON, ALEX FLORIAN, COLBY STEWART,** and **WILLIAM HERY,** gave chase of the suspected stolen vehicle, did the actions of the driver of said vehicle present an eminent threat of death or great bodily harm to these officers or the public.

28.

As a result of the actions of all defendants herein, Plaintiff, JOHN SMITH individually, and as owner of UNITY -1, seeks damages, including but not limited to the following:

    a. Personal injuries;

      b. Mental anguish and anxiety;
      c. Emotional Distress;
      d. Loss of enjoyment of life;
      e. Loss of support;
      f. Loss of consortium;
      g. Loss of wages;
      h. Loss of earnings;
      i. Loss of earning capacity;
      j. Loss of Business;
      k. Loss of Supplies and Product and
      l. And any and all other damages which may or will be determined during discovery and/or proven at the trial of this matter.

29.

As a result of the actions of all defendants herein, Plaintiff, BEVERLY SMITH individually, and as owner of UNITY -1, individually, seeks damages, including but not limited to the following:

      a. Petitioner's mental anguish and anxiety;
      b. Emotional Distress;
      c. Loss of enjoyment of life;
      d. Loss of support;
      e. Loss of consortium;
      f. Loss of wages;
      g. Loss of earnings;
      h. Loss of earning capacity;
      i. Loss of Business;
      j. Loss of Supplies and Product and
      k. And any and all other damages which may or will be determined during discovery and/or proven at the trial of this matter.

**WHEREFORE,** Plaintiffs prays that the Defendants be duly cited to appear and answer the Petition, that they be served with photocopies of same and that after all due

proceedings and legal delays, there be judgment against the Defendants jointly, severally and *in solid* in favor of plaintiffs with interest thereon from the date of judicial demand and for reasonable attorney fees, for all costs of these proceedings and for all general and equitable relief deemed appropriate by this Honorable Court under the circumstances.

Respectfully submitted,

**BENOIT BROWN AND ASOCIATES, LLC**
   /s/Lori D. Brown
**LORI D. BROWN, LSBA#27190**
**NaTASHIA CARTER BENOIT, LSBA#27784**
11616 Southfork Drive, Suite 201
Baton Rouge, Louisiana 70816
Telephone: 225.292-6994
Facsimile: 225.219-6919
Email: lbrown1512@yahoo.com
Email: angelcelestin@yahoo.com
Email: natashiacc@gmail.com

**PLEASE SERVE:**

**CITY of NEW ORLEANS**
**Through its Mayor**
**LATOYA CANTREL**
1300 Perdido Street
New Orleans, Louisiana 70112

**SHAUN FERGUSON**
**NEW ORLEANS POLICE DEPARTMENT**
Superintendent of New Orleans Police Department
715 South Broad Street
New Orleans, Louisiana 70119


**ALEX MIKKELSEN**
**(Please HOLD SERVICE until address is obtained)**

**JOHNATHAN BROOM**
**(Please HOLD SERVICE until address is obtained)**

**JEFFERY HERRINGTON**
**(Please HOLD SERVICE until address is obtained)**

**ALEX FLORIAN**
**(Please HOLD SERVICE until address is obtained)**

**COLBY STEWART**
At his Place of Employment, New Orleans Police Department
715 South Broad Street
New Orleans, Louisiana 70119

**WILLIAM HERY**
At his Place of Employment, New Orleans Police Department
715 South Broad Street
New Orleans, Louisiana 70119

**XYZ INSURANCE COMPANY**
**(Please HOLD SERVICE until identity & address is obtained)**